WALT COOK v. STATE.

No. A-927. Opinion Filed January 23, 1912.

Appeal from Garfield County Court; James B. Cullison, Judge.

Walt Cook was convicted of violating the prohibitory law, and appeals. Appeal dismissed.

H. J. Sturgis, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error was convicted in the county court of Garfield county on a charge of violating the prohibitory law, and his punishment fixed at a fine of five hundred dollars and imprisonment in the county jail for a period of one hundred and eighty days. Judgment and sentence was rendered on the 8th day of June, 1910. The appeal was filed in this court on the 6th day of October, 1910. The Attorney General has filed the following motion to dismiss the appeal: ''Comes now Charles West, Attorney General, and appearing specially and for the purposes of this motion alone, moves the court to dismiss the pretended appeal in this case for the following reason: Because the record shows that this is an attempted appeal from a judgment of conviction for a misdemeanor rendered in the county court of Garfield county on the 8th day of June, 1910, at which time the court granted 60 days to make and serve the case-made and 90 days to file the petition in error in this court (Record, pp. 57-8); thereafter, towit, on the 7th day of September, 1910, said trial judge attempted to extend the time for filing the petition in error and case-made in this court for a period of thirty days, but the Attorney General says that said trial judge had lost jurisdiction to make such order because the time theretofore granted, to wit, 90 days from the 8th day of June, 1910, to file petition in error and case-made in this court had expired on and with the 6th day of September, 1910. Wherefore, the Attorney General says that said order of September 7, 1910, attempting to extend the time of filing petition in error and case-made in this court is absolutely void and that said case-made was not filed in this court until the 6th day of October, 1910, and after the ninety days from the 8th day of June; 1910, had expired. Wherefore, the Attorney General says that this court is without jurisdiction to consider this case, except to dismiss the appeal.''

We have carefully examined the record and find that the motion is well taken. This court has no jurisdiction to determine the appeal on its merits. The motion to dismiss is sustained, and the appeal accordingly dismissed.